THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
LUZ MARÍA SABATER MANGUAL, Defendant and Appellant.

No. CR-66-305.     Decided December 14, 1967.

*Enrique Miranda Merced* and *E. Armstrong de Watlington* for
appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,*
and *Américo Serra, Assistant Solicitor General,* for The
People.

PER CURIAM: Appellant, Luz María Sabater Mangual, was prosecuted and convicted of the offense of grand larceny, subsequent offense. She was sentenced to serve from 10 to 15 years in the penitentiary.

In support of her appeal she assigns that:

(1) The trial court committed error in refusing to accept the verdict of guilty of petit larceny returned by the jury.

The evidence for the prosecution was to the effect that appellant asked the victim for a dollar while the latter was in a *cafetín*. When he drew out his wallet containing $25, appellant snatched it from him and fled with it, the empty wallet appearing later on the patio of the *cafetín*. The evidence of the defense was alibi.

The jury returned a verdict of petit larceny. When the trial judge indicated that he did not remember "having said possibility of verdicts," the prosecuting attorney requested that the jury be charged with a new instruction on the possible verdicts and an opportunity to retire to deliberate. Then, said judge informed that "So there were only two possibilities of verdict, guilty of grand larceny or not guilty." He ordered the lady and gentlemen of the jury to retire again for deliberation and that a new verdict slip be prepared. At the request of the prosecuting attorney, the trial court instructed the jury thus:

"Larceny is the act of taking with criminal intent, personal or movable property belonging to another person. Larceny is divided into two degrees: the first is termed Grand Larceny and the second, Petit Larceny. Grand Larceny is the larceny committed in either of the following cases: when the value of the property taken is of one hundred dollars or more; and when the property is taken from the person, even if it is one cent.

"The evidence of the defense was that of alibi. If you believe the evidence for the defense, you have to acquit the defendant. If you give credit to the evidence for the prosecution, you must return a verdict of guilty of Grand Larceny. There is no other possibility on the basis of the evidence.

".. "Therefore, meditate again and bring the verdict which corresponds to the evidence and to law.

"..

"The theory of alibi, as I had already told you, is that the fact of the presence of the defendant, male or female, as in this case, in a different place, is essentially inconsistent with the presence of the defendant in the scene of the crime on the date and time alleged in the information. The defense of alibi does not require the absolute impossibility that the defendant would be present at the place of the occurrence, but only a great improbability that it was so.

"The defendant does not have to establish the alibi beyond a reasonable doubt. If she establishes with her evidence a reasonable and well-founded doubt of her alibi she should be acquitted, for, requiring her to establish it beyond a reasonable doubt is tantamount to requiring her to establish her innocence.

"You have here two possible verdicts: guilty of grand larceny or not guilty and acquit her.

"In other words: if you believe that this lady was not at the place of the occurrence, but that she was home sleeping with her husband and not as it is alleged in the information, your verdict must be of acquittal. If on the contrary you consider that these alleged facts were committed and that she took the wallet from don Pedro Vega Santos when he was going to give her some money, then the offense of Grand Larceny was committed.

"Therefore, you shall return to the deliberation room. The Marshal shall again take the oath before the court."

After having deliberated again, the jury rendered a verdict of grand larceny.

■ Appellant argues that pursuant to Rules 147[1] and 148 of the Rules of Criminal Procedure, the verdict of petit

---

[1] The aforesaid Rule 147 provides that:

"The defendant may be found guilty of any lesser offense the commission of which is necessarily included in that with which he is charged; or of a lesser offense than that with which he is charged; or of an attempt to commit either the offense charged or any offense the commission of which is necessarily included therein, or of any degree thereof, if the attempt constitutes in itself, an offense."

larceny is tantamount to a verdict of acquittal for the greater offense, although the verdict does not conform to the evidence.

We do not agree. The original verdict was erroneous because it is contrary to the evidence and to law, for which the trial judge acted correctly in not accepting it and in ordering the jury to deliberate again after charging it in the manner previously indicated. Rule 148 of the Rules of Criminal Procedure.[2] *Cf. People v. Rodríguez*, 69 P.R.R. 507 (1949).

We agree with the Solicitor General in that:

■ "In the instant case the jury rendered originally a verdict *of guilty*, which was repugnant to law. The cases of *Pérez* [84 P.R.R. 173] and *Green* [*Green v. U.S.*, 335 U.S. 184] *supra*, are not applicable because what these cases decide is that 'where an accused of murder in the first degree is convicted of murder in the second degree and afterwards at his request, the verdict is set aside and a new trial ordered, the accused cannot be convicted of the original crime of murder in the first degree and that a conviction for this crime at the new trial violates the principle of former jeopardy.'

"Further, nor can it be considered in this case a verdict of guilty for petit larceny as a verdict of acquittal of the offense of grand larceny for the purposes of Rule 148, for the verdict rendered was not final since it had not yet been accepted by the court pursuant to Rule 145 of the Rules of Criminal Procedure. See, also, Wharton's, *op. cit.*, vol. 5, §§ 2147 and 2148, pages 339–340."

(2) "The trial court erred in charging the jury that they could only render one of two verdicts: Guilty of Grand Larceny or not Guilty; which would depend on whether they

---

[2] Rule 148 referred to provides that:

"When there is a verdict of conviction in which it appears to the court that the jury has mistaken the law, the presiding judge may explain to the jury his reasons and order them to reconsider their verdict. If, after reconsideration, they return the same verdict, it shall be accepted by the court. Nothing contained herein shall apply to a verdict of acquittal which shall always be accepted by the court."

believed the evidence of the People or on whether they gave credit to the evidence for the defense; excluding thus the possibility that without the need of believing that things happened as they were revealed by the evidence for the defense, they had a reasonable doubt that they had happened as the evidence for the People maintained."

■ The Solicitor General argues, correctly, that:

"We believe that this error was not committed because the judge instructed the jury in the sense that the prosecuting attorney is under the obligation to establish defendant's guilt beyond a reasonable doubt. (Tr. Ev. 151.) . . . The fact that the judge explained afterwards the possible verdicts which the jury could render, does not mean that the possibility that the jury had a reasonable doubt of defendant's guilt was excluded.

"At any rate, at no time did the defense request additional instructions on this particular, for which reason it is precluded now from pointing out any possible omission as an error on appeal. *Rule 137 of the Rules of Criminal Procedure.*" (Italics in the original.)

(3) "Because of its inherent weakness, the evidence of the People was not sufficient to defeat the presumption of innocence and to establish defendant's guilt beyond a reasonable doubt."

■ We agree with the Solicitor General when he informs, with respect to this charge, that:

"As we previously indicated, the evidence for the prosecution showed that the defendant snatched a wallet from the hands of Pedro Vega Santos. Obviously, this evidence was believed by the jury who is the one to weigh the credibility of the witnesses. It is not incredible that Vega Santos initially refused to give money to the defendant, but that later, in view of her insistence, he decided to give her some money and took out the wallet for that purpose.

"Neither is the testimony of Vega Santos controverted by the fact that he testified that next day he went again to don Abelardo's business and found the empty wallet on the patio of said establishment. . . .

"We hold, then, that the evidence for the prosecution is sufficient to support the verdict and that, the jury having settled the conflict in the evidence by believing that for the prosecution, the verdict should not be disturbed on appeal. *People* v. *Nicole,* 71 P.R.R. 810 (1950); *People* v. *Millán,* 71 P.R.R. 410 (1950)."

■ (4) "The trial court erred in considering, at the time of sentencing the defendant, the allegation of subsequent offense which the prosecuting attorney attempted to introduce; despite the fact that all the time the case was merely maintained as one of grand larceny."

This error was committed. It is thus admitted by the Solicitor General when he informs us that:

". . . The information filed against appellant was for an offense of Grand Larceny, without including any allegation of subsequent offense. Thus was the information read at the commencement of the trial (Tr. Ev. 9–10). It is when the jury is deliberating that the court allows the prosecuting attorney to attach to the record another information alleging the condition of subsequent offense, allegation which was not admitted by the defendant. (Tr. Ev. 152–153.) Although the prosecuting attorney stated that he planned to introduce evidence in relation to the condition of subsequent offense, there is no showing in the record that any evidence was presented on this particular.

"The rule in force in Puerto Rico is in the sense that if the defendant denies the existence of previous convictions, it is necessary to introduce evidence thereof and the jury shall be the one to decide. *People* v. *Carrión,* 86 P.R.R. 340 (1962); Rule 146 of the Rules of Criminal Procedure.

"In the instant case the condition of previous conviction was alleged when the jury had already retired for deliberation. When the defendant denied the allegation of previous conviction, it was incumbent upon the prosecuting attorney to introduce evidence thereof before the jury so that the latter would decide. That evidence was not presented to the jury, since the latter was already deliberating. Also there is no showing in the record that said evidence was presented before the trial judge."

In view of the foregoing, the judgment rendered in this case by the Superior Court, Ponce Part, on September 16,

1965, is set aside, and in its place judgment is rendered sentencing appellant to serve the penalty of from one to five years in the penitentiary.

Mr. Chief Justice and Mr. Justice Carlos V. Dávila concur in the result. Mr. Justice Santana Becerra delivered a separate opinion.

—O—

Separate opinion of MR. JUSTICE SANTANA BECERRA, concurring.

San Juan, Puerto Rico, December 14, 1967

I agree with the decision of the case, although for the reasons I set forth below.

It appears from the record that after the trial court instructed on the offense of larceny and on alibi, it stated that the Rules allow that general instructions be delivered in writing to the jury. The prosecuting attorney and the defense stated that there was no objection.[1]

As a result of the foregoing, the jury went to deliberate without pertinent instructions as to the verdict they might render. However, in the printed form delivered to them to render the verdict, the court's clerk wrote "grand larceny" after the blank space where the jury should state "guilty" or "not guilty." The jury wrote, in the corresponding space, "guilty of petit larceny." As a result, from the face of the document of the verdict, appellant appeared being convicted of both petit larceny and grand larceny. This was an irregu-

---

[1] Rule 137 of the Rules of Criminal Procedure of 1963 provides that: "All the instructions shall be oral unless the parties consent to the contrary." It seems to me that the interests of a defendant are protected better if the defense, before agreeing that said instructions pass in writing to the jury, would read them in the light of the particular circumstances of its case, so that it could request, either additional instructions or explanations thereof. Such instructions in writing, in any event, should form part of the record.

lar verdict which could not be accepted for the reasons to which I have. referred to.

After the jury was instructed on the possible verdicts to be rendered, the same fact was repeated. The clerk wrote "grand larceny." Rule 148 of the Rules of Criminal Procedure provides that when there is a verdict of conviction in which it appears to the court that the jury has mistaken the law, the presiding judge may explain to the jury and order them to reconsider the verdict. *If, after reconsideration, they return the same verdict, it shall be accepted by the court.*

.In this case there was an original expression of the jury finding appellant guilty of petit larceny. After the instructions the jury could have maintained that verdict pursuant to Rule 148, and it then ought to be accepted. There are a lot of cases of lesser offenses comprised within a higher offense, and in view of the provisions of Rule 148, which to a certain point is a privilege of the jury, I believe that the best practice demands that it be the jury the one to write, upon rendering its verdict, everything concerning the offense for which defendant is found guilty. It should not be permitted that the clerk nor anybody, other than the jury, should write in the blank of the verdict a certain offense, because it is tantamount to compelling the jury to find him guilty or not guilty of the offense written therein only.

I have examined the record in this case and the evidence is of such a nature that, if believed by the jury, there was no possibility of a verdict other than that of grand larceny, for appellant having taken the money from the person of the victim.

For the reasons set forth in this opinion, I concur with the decision.